# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

KELSEY FOX,                           :        NO. 4:24-CV-01651
             Plaintiff,           :
                                :
     v.                                  :
                                :        (CAMONI, M.J.)

FRANK BISIGNANO,[1]                   :
*Commissioner of Social Security*,    :
             Defendant.           :

## <u>MEMORANDUM OPINION</u>

Plaintiff Kelsey Fox brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits under Title XVI of the Social Security Act. Transcript, doc. 9-3 at 2. She challenges the Administrative Law Judge's (ALJ) residual functional capacity assessment. *See* Pl.'s Br., doc. 14 at 1. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action is needed to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. <u>BACKGROUND</u>

On February 4, 2022, Fox applied for disability insurance benefits under Title XVI of the Social Security Act, alleging disability as of June 5, 2020. Doc. 9-3 at 2. Following an initial denial, Fox submitted an appeal, requesting a hearing before an Administrative Law Judge (ALJ). Doc. 9-4 at 21. The ALJ conducted the hearing and determined that Fox is not disabled. Doc. 9-2 at 31-32, 40.

Fox filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Fox's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 14, 16, 21) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 7.

## A.    The Disability Determination Process

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

1.    has engaged in substantial gainful activity since the onset of the alleged disability;

2.    had a severe medically determinable impairment;

3.    suffered from an impairment listed in the regulations as presumptively disabling;

4.    could return to his past work; and

5.    could perform other available work in the national economy.

*See* § 404.1520(a)(4)(i)–(v). Between steps three and four, the ALJ also determines whether the claimant's residual functional capacity (RFC) allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1).

## B.    Issues on Appeal

After following the five-step sequential analysis, the ALJ determined that Fox "has not been under a disability" from "February 4, 2022, through the date of this decision," concluding at step five that

"there are jobs that exist in significant numbers in the national economy that the claimant can perform." Doc. 9-2 at 31.

Most relevant to Fox's appeal, the ALJ found at the RFC stage that Fox has the residual functional capacity:

> [T]o perform light work as defined in 20 CFR 416.967(b) except she can frequently climb ramps and stairs, balance, stoop, kneel, crouch, crawl, and handle and finger bilaterally and can occasionally climb ladders, ropes, or scaffolds. She cannot tolerate concentrated exposure to extreme cold, vibration, unprotected heights, or moving machine parts. Work is limited to simple, repetitive, routine tasks but no work at production rate pace. She can occasionally interact with the public and coworkers.

Id. at 25.

Fox argues that the ALJ failed in assessing her RFC because: (1) the ALJ relied on outdated mental health assessment; and (2) the ALJ failed to support a physical RFC assessment with a medical opinion. Doc. 14 at 8, 13. Because the mental and physical RFC determinations are supported by substantial evidence, the Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II.    LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an

adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Fox is disabled, but whether the Commissioner's finding that Fox is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been

Page 6 of 15

held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.   **DISCUSSION**

Fox argues that a remand is required because the ALJ's RFC assessment: (1) relied on outdated mental health assessments; and (2) did not rely on medical opinion evidence to reach a physical RFC limitation. *See* doc. 14 at 8, 13. The Court will address each argument in turn.

**A.    The ALJ's RFC assessment is supported by the entire evidence.**

Fox first argues that the ALJ "erred by relying on outdated mental health assessment [*sic*]," of Dr. Weitzner who "did not have the opportunity to review to [*sic*] significant evidence[.]" *Id.* at 8.[2] Fox fails to persuade.

The Court of Appeals for the Third Circuit has held that the Social Security regulations "impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). Because state agency review ordinarily precedes the ALJ's decision, there is always some time lapse between the consultant's report and the ALJ hearing

---

[2] Fox relies on a case out of the Seventh Circuit which held that "the ALJ erred in crediting the state-agency opinions, which were outdated and missing approximately 70 pages of medical records." Doc. 14 at 8, citing *Akin v. Berryhill*, 887 F.3d 314, 317 (7th Cir. 2018). *Akin* is factually different from Fox's case. The Court in *Akin* found that the ALJ was not qualified to interpret, on his own, the significance of medical tests or procedures—specifically, an MRI. *See* 887 F.3d 314, 317-18. Here, the ALJ relied, as he should, on the conclusions of Dr. Weitzner, and also reviewed the evidence that Fox submitted that followed Dr. Weitzner's medical opinion. *See* doc. 9-2 at 28, citing Exs. 20F, 21F, 31F, and 35F. Notably, nothing that occurred in 2023 suggests a material change in Fox's situation that merited re-submission to a consulting physician. *See* Pl.'s Reply Br., doc. 21 at 2 (citing general diagnoses and psychotherapy sessions in late 2022 and 2023).

and decision. *Id.* Thus, an ALJ is entitled to rely on a medical opinion based on medical records that date several years prior to the ALJ's decision. *See id.*, citing *Morales v. Apfel*, 225 F.3d 310, 312-13 (3d Cir. 2000) (upholding a 1997 ALJ decision based on records from 1989 through 1994), and then citing *Hartranft v. Apfel*, 181 F.3d 358, 360-61 (3d Cir. 1999) (finding substantial evidence where the ALJ relied on six-year-old-medical records).

Here, the records presented to the ALJ were only a few years old. *See* doc. 9-2 at 28-2). Dr. Weitzner reviewed records up to April 2022 (doc. 9-3 at 5), which was less than two years before the ALJ rendered his decision. Doc. 9-2 at 32. These records reflected Fox's mental health assessments surrounding her disability onset date of June 5, 2020. Doc. 9-3 at 2. The ALJ, therefore, was entitled to rely on Dr. Weitzner's medical opinion. *Chandler*, 667 F.3d at 361.

Fox resists this conclusion, arguing that that the medical evidence from August 2022 through July 2023 "was new and potentially decisive." Doc. 14 at 9. Fox further contends that had Dr. Weitzner "reviewed this evidence, they may have concluded that Ms. Fox was limited to 1-2 step tasks in a stable environment." Doc. 21 at 3. These are speculations at

best. And Fox does not support her argument with a single case from within this circuit. *See* doc. 14 at 10-11 (citing Seventh Circuit cases); doc. 21 (citing Ninth Circuit cases).

In the Third Circuit, courts have found error when an ALJ relies on a medical opinion from state agency physicians that never had the opportunity to consider "major medical events" that followed the state agency physicians' review. *Cadillac v. Barnhart*, 84 F. App'x 163, 168 (3d Cir. 2003); *see also Suzadail v. Dudek*, No. 23-292, 2025 WL 976699, at *12 (M.D. Pa. Mar. 31, 2025) (collecting cases) (emphasis added) (noting that the Court has remanded cases for further consideration when an ALJ relies on a state agency opinion and rejects treating source opinion, but the record reveals that there were *significant* subsequent medical developments which the state agency expert did not consider). In *Cadillac*, the significant subsequent medical development was a hospitalization which included a CT scan that a treating specialist opined was a serious condition. *See* 84 F. App'x 163. There, the ALJ's decision to discount such a major medical development, favoring a state agency expert's medical opinion over that of a treating specialist that considered

Page 10 of 15

the subsequent medical records, warranted remand. *Id.* Fox's case does not come close.

Fox's medical records following Dr. Weitzner's medical opinion are limited to diagnoses, increases in medication, and attending psychotherapy sessions. *See* doc. 14 at 9. While arguably serious, these developments are not significant or new. And while Fox attempts to paint them as such with conclusory statements, she provides no substantiation of her argument. *See* doc. 21 at 9 (emphasis added) ("The aforementioned evidence was new and *potentially decisive*[.]").

Critically, when the ALJ conducted Fox's hearing, "neither Fox nor her attorney established an evidentiary insufficiency or inconsistency or requested further expert review of her record by a medical expert." Def.'s Br., doc. 16 at 16; *see* doc. 9-2 at 42 (Fox's attorney stating that there are no additional records for the ALJ to consider). "The decision to order a consultative examination is within the sound discretion of the ALJ." *Thompson v. Halter*, 45 F. App'x 146, 149 (3d Cir. 2002). That duty "does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Id.* This Court in *Dietrich v. Saul* further explained:

> The regulations authorize the ALJ to obtain a consultative examination <u>if</u> there remains information needed to make a disability determination, "such as clinical findings, laboratory tests, a diagnosis or a prognosis" which cannot be obtained from the medical record. 20 C.F.R. §§ 404.1519a, 416.919a. Such an examination may be requested when the Commissioner is not presented with the information that is necessary to make a decision or is presented with inconsistent information. 20 C.F.R. §§ 404.1519a(a)-(b), 416.919a(a)-(b).

501 F. Supp. 3d 283, 293 (M.D. Pa. 2020) (emphasis in original). Here, the ALJ exercised proper discretion not to order a further consultative examination. *Thompson*, 45 F. App'x at 149. The ALJ did consider the medical evidence Fox argues should have been before Dr. Weitzner (*see* doc. 9-2 at 28), and found them not to "indicate she was persistently assessed with abnormal clinical examination findings pertaining to the mental impairments as alleged. To the contrary, the claimant's medical records indicate . . . generally normal [and] appropriate behavior . . . ." *Id.* Thus, the ALJ "was presented with sufficient information to make a decision and acted properly within the scope of his discretion by not ordering consultative examinations . . . ." *Dietrich*, 501 F. Supp. 3d at 293.

**B.    The ALJ was not required to further develop the record to determine the physical limitations.**

Fox next argues that the ALJ failed to fully develop the record in assessing her physical RFC limitations. Doc. 14 at 5. Specifically, she contends that with the "relative lack of opinion evidence in the file, the ALJ should have sent Ms. Fox to a consultative examiner or scheduled a medical expert at the hearing for an opinion as to the claimant's physical RFC." *Id.* at 7. As noted above, the ALJ has the discretion to order a consultative examination. *Thompson*, 45 F. App'x at 149. That duty "does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Id.* Here, the ALJ found persuasive the medical opinions of Drs. Hubbard and Brislin. Doc. 9-2 at 29. The ALJ explained that the doctors supported their opinions with citations to the objective medical evidence, which are "generally consistent with the objective clinical findings of generally normal gait and use of the upper and lower extremities . . . ." *Id.*

The ALJ's burden of articulation at the RFC stage is not high. The ALJ "may consider many factors yet base a decision on just one or two." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 639 (3d Cir. 2024). The

Page 13 of 15

ALJ need only explain the "dispositive reasons for their decisions, not everything else that they considered." *Id.* The ALJ here satisfied his burden of articulation at the RFC stage by explaining his reasoning for finding Drs. Hubbard and Brislin's opinions persuasive. *See* doc. 9-2 at 29. "There was no need to say more than that." *Zaborowski*, 115 F.4th at 640. The Court also reiterates that during the hearing, counsel was present but did not ask the ALJ to order such further consultative examination. Under these circumstances, the Court cannot conclude that the ALJ erred in failing to order further examinations. *See Colombin v. Colvin*, No. 16-311, 2017 WL 272029, at *4 (W.D. Pa. Jan. 19, 2017) (affirming ALJ's discretion to not order additional examination where a claimant was represented by counsel at the hearing and his counsel did not ask the ALJ to order further examination on claimant's behalf or to keep the record open); *Smith v. Colvin*, No. 15-1426, 2016 WL 6729120, at *3 (W.D. Pa. Nov. 15, 2016) (holding same).

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

Page 14 of 15

## IV.    <u>CONCLUSION</u>

Accordingly, the Commissioner's decision will **AFFIRMED**.

An appropriate order follows.

Date: May 29, 2026                          <u>s/*Sean A. Camoni*</u>
                                            Sean A. Camoni
                                            United States Magistrate Judge